IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CRAIG PEGG                                                                                          PLAINTIFF

V.                                                                          CAUSE NO. 1:16-CV-241-SA-DAS

STEEL DYNAMICS, INC.,
STEEL DYNAMICS COLUMBUS, LLC, and
SEVERSTAL COLUMBUS HOLDINGS, LLC                                                  DEFENDANTS

MEMORANDUM OPINION

Craig Pegg was injured in a fall while performing contracted maintenance work on Severstal Columbus, LLC's premises. Seeking damages for his injuries, Pegg sued Steel Dynamics, Inc., Steel Dynamics Columbus, LLC, and Severstal Columbus Holdings, LLC in the Circuit Court of Lowndes County, Mississippi.[1] Steel Dynamics removed the case to this Court, and subsequently filed its Motion for Summary Judgment [22] that is now before the Court. Plaintiff Pegg filed his Response [27], and Defendant Steel Dynamics filed its Reply [29], making this issue ripe for review.

*Factual and Procedural Background*

In July of 2009, Plaintiff Pegg filed for Chapter 13 bankruptcy and his bankruptcy plan was confirmed in March of 2010. The Plaintiff's accident occurred on October 31, 2013. The Plaintiff subsequently completed his bankruptcy plan, and the Bankruptcy Court closed his case in August of 2014.

---

[1] After Pegg's accident Steel Dynamics Inc. purchased Severstal Columbus LLC from Severstal Columbus Holdings LLC, and now operates the company as Steel Dynamics, LLC. For purposes of simplicity, the Court will refer to these Defendants jointly as Steel Dynamics. Hydro-Vac Industrial Services, Inc. was Pegg's employer at the time of the accident, and American Interstate Insurance Company is Hydro-Vac's worker's compensation carrier. Hydro-Vac and American Insurance were permitted to intervene in this action. *See* Order [19].

The Plaintiff did not disclose the injury claim asserted in the instant case in his bankruptcy proceedings. Because the Plaintiff did not disclose his claim in bankruptcy, Steel Dynamics argues that he is judicially estopped from asserting his claim now. The Plaintiff urges this Court not to apply judicial estoppel in this case, and in an attempt to cure his non-disclosure, re-opened his bankruptcy case to amend his schedules.[2]

The Court must determine whether the principles of judicial estoppel warrant application here to bar the Plaintiff's injury claim.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the

---

[2] The Bankruptcy Court reopened the case and granted leave to amend the schedules. There is no further information in the record at this time on the further progress of that case.

absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted).

*Judicial Estoppel*

As noted above, the Defendant argues that judicial estoppel bars the Plaintiff's claims. The doctrine of judicial estoppel "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *King v. Cole's Poultry, LLC*, No. 1:14-CV-88, 2016 WL 7191701, at *2-3 (N.D. Miss. Dec. 12, 2016) (citing *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011); 18 James Wm. Moore *et al.*, Moore's Federal Practice § 134.30 at 63 (3d ed. 2011)). The doctrine is intended to protect the integrity of the judicial process by "prevent[ing] parties from playing fast and loose with (the courts) to suit the exigencies of self-interest." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988) (quoting *USLIFE Corp. v. U.S. Life Ins. Co.*, 560 F. Supp. 1302, 1304-05 (N.D. Tex. 1983)) (citation omitted). Judicial estoppel is "an equitable doctrine invoked by a court *at its discretion*." *Reed*, 650 F.3d at 574 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)) (emphasis added).

"[A]gainst the backdrop of the bankruptcy system . . . judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system . . . ." *U.S. ex rel. Long v. GSDMIdea City, LLC*, 798 F.3d 265, 271 (5th Cir. 2015) (citing *Reed*, 650 F.3d at 574; *see also Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) ("Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."). The Fifth Circuit has indicated:

> A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently.

*Jethroe*, 412 F.3d at 600 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 206-07 (5th Cir. 1999)).

*Discussion and Analysis*

In the instant case, Steel Dynamics brought forth sufficient evidence to establish the first two elements. The Plaintiff argues that he did not assert an inconsistent legal position in the bankruptcy case because he did not realize he had a claim until he talked to his lawyer after the bankruptcy case was already discharged. The Plaintiff's purported lack of knowledge of his claim has little application to the first two elements of judicial estoppel.[3] As the Plaintiff acknowledges in his briefing, "It is 'well settled' that Chapter 13 debtors have a continuing obligation to disclose post-petition causes of action." *U.S. ex rel. Long*, 798 F.3d n.4 at 271 (citing *Flugence v. Axis Surplus Ins. Co. (In re Flugence)*, 738 F.3d 126, 129 (5th Cir. 2013) (citing *Browning Mfg. v. Mims (In re Coastal Plains), Inc.*, 179 F.3d 197, 207–08 (5th Cir. 1999)). "*Any claim with potential must be disclosed*, even if it is contingent, dependent, or conditional." *Id.* (citing *In re Coastal Plains*, 179 F.3d at 208 (internal quotation marks omitted) (emphasis in original)). "A debtor's silence 'impliedly represent[s] that []he ha[s] no such claim.'" *In re Flugence*, 738 F.3d at 130 (citing *Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 335 (5th Cir. 2004)). To "later raise the claim in a separate proceeding is 'plainly inconsistent' with the implied representation in bankruptcy court." *U.S. ex rel. Long*, 798 F.3d n.4 at 271 (citing *In re Flugence*, 738 F.3d at 130).

---

[3] As discussed more fully below, knowledge component is a factor in the inadvertence inquiry. A debtor is aware of his claims when he becomes aware of the *facts* giving rise to the claim. *See U.S. ex rel. Long*, 798 F.3d 265, 272; *Jethroe*, 412 F.3d at 60.

The Plaintiff's purported lack of knowledge of his claim is relevant to the third element, inadvertence. "[I]f a debtor's failing to disclose was inadvertent, judicial estoppel is inappropriate; but inadvertence exists 'only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment.'" *U.S. ex rel. Long*, 798 F.3d at 272 (quoting *In re Coastal Plains*, 179 F.3d at 210). To demonstrate inadvertence through lack of knowledge, a debtor "must show not that he was unaware that he had a duty to disclose his claims but that . . . he was unaware of the facts giving rise to them." *Id.* (citing *Jethroe*, 412 F.3d at 601). "Bankruptcy law imposes [the duty to disclose] as long as the debtor has enough information to suggest that he may have a potential claim; the debtor need not know all of the underlying facts or even the legal basis of the claim." *Id.* (citing *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 362 (5th Cir. 2014)).

As the law on this issue is well settled, the Plaintiff's argument that he did not have knowledge of his claim until he contacted his attorney to "discuss my potential legal rights under worker's compensation laws" is unavailing.[4] It is clear to the Court based on the record in this case, that the Plaintiff was aware of the facts giving rise to his claim, he had a duty to disclose, and he failed to do so. *See id.*

The Plaintiff also argues that he can demonstrate inadvertence because he had no motive for concealment of his claim because all of the claims that were asserted and allowed in his bankruptcy proceeding were paid in full. With no outstanding claims, the Plaintiff argues that he had no reason to conceal the claim, a potential asset, from his creditors. Even if the Plaintiff repaid

---

[4] The Plaintiff also briefly argues that he could not have known that he had a duty to disclose a post-confirmation claim because the law on the issue is inconsistent. Plaintiff relies on *In re Flugence*, 738 F.3d at 129 to support his argument. Because the Plaintiff's plan explicitly states, "All property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge, or conversion" any potential inconsistency in bankruptcy law, as discussed in *In Re Flugence* is not implicated here. *See In re Flugence*, 738 F.3d at 129-30; *see also GSDMIdea City, L.L.C.*, 798 F.3d at 274.

5

the full principal amount of the allowed claims, he did avoid paying at least some interest, was given sixty months to pay, and had $5,103.21 of unsecured debt discharged.[5] This Circuit's precedent requires "that there be 'no' motive for concealment," and the interest savings and the five-year term for repayment alone are sufficient to establish motive to conceal. *See U.S. ex rel. Long*, 798 F.3d at 273–74; *Jethroe*, 412 F.3d at 601; *see also In re Watts*, No. 9–35864, 2012 WL 3400820, at *7–8 (Bankr. S.D. Tex. Aug. 9, 2012).

Finally, the Plaintiff argues that he has essentially cured the non-disclosure by reopening his bankruptcy case and disclosing his claim now. The Fifth Circuit has also rejected this argument. "Allowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them." *U.S. ex rel. Long*, 798 F.3d at 273 (citing *In re Superior Crewboats, Inc.*, 374 F.3d at 336; *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002)).

In the end, the Court must decide whether applying the doctrine would achieve substantial justice. As noted above, judicial estoppel is "an equitable doctrine invoked by a court *at its discretion.*" *Reed*, 650 F.3d at 574 (quoting *New Hampshire*, 532 U.S. at 749-50, 121 S. Ct. 1808) (emphasis added)). "[T]he Supreme Court has refused to establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel . . . ." *U.S. ex rel. Long*, 798 F.3d at 271 (citing *Reed*, 650 F.3d at 574); *see also* Wright & Miller, Preclusion of Inconsistent Positions - Judicial Estoppel, 18B Fed. Prac. & Proc. Juris. § 4477 (2d ed. 2015) ("[Courts focus on] whether allowing a party to take seemingly inconsistent positions in separate actions would enable the party to gain an unfair advantage, or to impose an unfair disadvantage on its new

---

[5] It appears from the Trustee's final report that the majority of the Plaintiff's unsecured creditors did not assert claims.

6

adversary."); 18 James Wm. Moore et al., Moore's Federal Practice § 134.31 at 73 (3d ed. 2011) ("[The doctrine] should be applied flexibly, with an intent to achieve substantial justice"). "[N]umerous considerations 'may inform the doctrine's application in specific factual contexts.'" *King*, 2016 WL 7191701, at *4 (citing *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 268 (5th Cir. 2012) (quoting *New Hampshire*, 532 U.S. at 751, 121 S. Ct. 1808)). The Fifth Circuit has also stated that the doctrine is "generally applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *Id.* (citing *In re Coastal Plains, Inc.*, 179 F.3d at 206) (quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)).

There is no evidence or argument before the Court that the Plaintiff has gained any unfair advantage in this injury suit as a result of his failure to disclose the claim in his bankruptcy proceeding. Particularly because the Defendant has no interest or involvement in the bankruptcy proceeding, applying judicial estoppel here would allow it, an alleged tortfeasor, to wholly escape liability. This situation is somewhat intractable. Neither party is before the Court with clean hands, and declining or applying judicial estoppel here could result in a windfall for either.

There are some other moderating factors that the Court considers persuasive. First, the Plaintiff's employer, at the time of his injury, and the employer's insurance carrier intervened in this case. These intervenors paid out more than $10,000.00 in worker's compensation funds that could be reimbursed through subrogation. Applying judicial estoppel would cut off these intervenors claim. In addition, although the reopening of the bankruptcy proceeding is insufficient to undermine the application of judicial estoppel directly, the Court does find it somewhat persuasive. A significant amount of time has passed, but the bankruptcy court could still consider a judgment or settlement in the Plaintiff's favor and order additional funds repaid if appropriate.

7

Finally, the Court notes that the Plaintiff's injury occurred quite late in his bankruptcy proceeding, approximately six months before the Plaintiff completed his payments under the plan. Again, although this in itself is not enough to undermine the specific elements of judicial estoppel, the Court finds it persuasive and indicative of a lack of intent on the Plaintiff's behalf.

Taking all of the circumstances into account, the Court finds the Defendant's evidence and arguments insufficient to establish that the Plaintiff intended to obtain an unfair advantage, or to take advantage of the judicial system. The Court declines to apply judicial estoppel in this case, under its discretion, and allows the Plaintiff's claim to proceed.

*Conclusion*

For all of the reasons fully discussed above, the Defendant's Motion for Summary Judgment [22] is DENIED without prejudice.

IT IS SO ORDERED on this, the 9th day of March, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE